**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No.:

SENTIA DUCTAN and MARSHA PRINCE,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, GEICO General Insurance Company ("GEICO General"), removes this case from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, to the United States District Court for the Southern District of Florida pursuant to: (i) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453; and (ii) 28 U.S.C. § 1446. GEICO General states as follows in support of removal:

**I.    BACKGROUND**

1.    On March 23, 2023, Plaintiffs Sentia Ductan and Marsha Prince (collectively, "Plaintiffs") filed this civil action against GEICO General in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, Case No. CACE-23-010832 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is included as part of **Composite Exhibit 1**.[1]

---

[1] Copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as **Composite Exhibit 1** pursuant to 28 U.S.C. § 1446(a).

2. Plaintiffs allege that each Plaintiff was insured under a policy of insurance issued by GEICO General, and Plaintiffs admit that such policies carried a $1,000 deductible as stated on the Declarations Page for each policy. Ex. 1 ¶¶ 16-17.

3. Plaintiffs' Complaint alleges that GEICO General failed to offer Plaintiffs the right to "affirmatively elect a deductible" pursuant to Florida Statute § 627.739(5) at the time of their initial applications for insurance with GEICO General. *Id.* at ¶ 17.

4. Plaintiffs further allege that Plaintiffs' policies "do not contain the statutorily permitted notice of Plaintiffs' option to elect a deductible, set forth in Florida Statutes § 627.739(5), in [GEICO General]'s initial application and/or [GEICO General]'s annual notice of renewal." *Id.* at ¶ 19. Based upon these allegations, Plaintiffs assert that no election of a deductible was made. *Id.* at ¶ 20

5. Plaintiffs then further assert, upon information and belief, that GEICO General "does not provide to applicants, or to existing policy holders at the time of renewal, the statutorily required notice of the option to elect deductibles or the opportunity to manifest a knowing election of said deductible", and that GEICO General's "policies of insurance do not contain a deductible elect within the confines of the policy jacket." *Id.* at ¶¶ 25-26.

6. Plaintiffs seek to represent the following proposed class:

> Any and all persons who applied for and obtained, and or renewed, PIP insurance with Geico, but who were not provided the statutorily required offer to elect deductibles in the amounts of $250, $500, or $1,000, and who have made one or more claims under said policy.

*Id.* at ¶ 32 (the "Proposed Class").[2] Plaintiffs seek to have the Proposed Class certified pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and (b)(2). *Id.* at ¶28. Plaintiffs further allege

---

[2] GEICO General relies upon Plaintiffs' allegations regarding the nature of the Proposed Class only for purposes of jurisdiction under CAFA. GEICO General denies that the Proposed Class is

that "this issue has spanned the entire five-year statute of limitations period and continues presently[.]" *Id.* at ¶ 33 (the "Proposed Class Period").

7. Plaintiffs' Complaint contains a single count. Count I seeks a declaration declaring that: (1) Florida Statutes § 627.739(5) requires that GEICO General offer to each applicant, and to each policyholder on renewal, in clear and unambiguous language, deductibles in amounts of $250, $500, and $1,000, (2) GEICO General failed to offer each applicant, and to each policyholder on renewal, deductibles in amounts of $250, $500, and $1,000, and (3) GEICO General violated Florida law by failing to offer to each applicant, and to each policyholder on renewal, deductibles in amounts of $250, $500, and $1,000. Plaintiffs further seek that the Court (4) reform the policies held by Plaintiffs and the Class Members to reflect a zero deductible, and (5) require GEICO General to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to Florida Statutes §§ 627.428 and/or 627.736(8). *Id.* at p. 8-9 WHEREFORE Clause, at (C)(2)-(5). Accordingly, while Plaintiffs label the relief that they seek declaratory relief, Plaintiffs further request reformation of the subject policies "to reflect a zero deductible." *Id.* at p. 8-9; WHEREFORE Clause, at (C)(5).

8. As defined and alleged by Plaintiffs, "This is an action asserting a class action claim for declaratory relief and reformation …." *Id.* at ¶ 1. The State Court Action therefore seeks a declaration and reformation pursuant to which Plaintiffs (and members of the Proposed Class) would be entitled to additional benefits in the amounts of $250, $500, or $1,000 on existing claims made under policies issued and renewed during the Proposed Class Period. Plaintiffs further seek to recover attorneys' fees and costs pursuant to Section 627.428 and Section 627.736(8), Fla. Stat. *Id.* at p. 9 WHEREFORE Clause, at (C)(6), ¶¶ 40-47.

---

properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority.

## II. VENUE

9. Under 28 U.S.C. § 1446(a), this case is properly removed to this Court as the district and division within which the State Court Action was brought.

## III. GROUNDS FOR FEDERAL JURISDICTION

10. The State Court Action is removable pursuant to 28 U.S.C. §§ 1332(d) and 1441(a) of CAFA. Removal is proper in this case because the Court has original jurisdiction under CAFA because there is: (1) minimal diversity of citizenship; (2) a proposed class with at least 100 members; and (3) at least $5 million in controversy. 28 U.S.C. § 1332(d).

### Removal is Timely

11. The State Court Action was filed on March 23, 2023, and GEICO General was served on March 31, 2023.

12. This Notice of Removal is therefore timely filed within thirty days after GEICO General was formally served with the Complaint. *See* § 28 U.S.C. 1446(b)(3); *Murphy Bros., Inc. v. Michetti Pipe String, Inc.,* 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Edwards v. Apple Computer, Inc.*, 645 Fed Appx. 849, 2016 WL 888596 (11th Cir. Mar. 9, 2016) ("A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint 'unattended by any formal service.'").

### This Court has Original Jurisdiction

13. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1441(a).

4

14. Under 28 U.S.C. § 1332(d)(2) and (d)(5)(B), this Court has original jurisdiction. Under these sections original jurisdiction exists when (i) the civil action in question is a class action in which there are at least 100 putative class members; (ii) diversity of citizenship exists between any class member and any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (d)(5)(B).

15. Moreover, unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). In light of *Dart Cherokee*, the Eleventh Circuit has held: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

### *The Proposed Class Exceeds 100 Members.*

16. A civil action constitutes a "class action" under CAFA if: (i) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;" and (ii) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B), (d)(2) and (d)(5)(B) (emphasis added).

17. Plaintiffs seek to represent a Proposed Class of Florida policyholders to whom GEICO General allegedly failed to provide proper statutory notice, upon issuance or renewal, to elect deductibles in the amounts of $250, $500, and $1,000, and who have made one or more claims under said policy.   Ex. 1 at p. 8-9 WHEREFORE Clause, at (C)(2)-(5).  The Proposed Class Period is consistent with the applicable five-year statute of limitations set forth in Sec.

5

95.11(2)(b), Fla. Stat., for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument action."

18.     Plaintiffs allege that the Proposed Class, upon Plaintiffs' information and belief, "is so numerous that joinder of [each class member] is impractical." Ex. 1 at ¶ 32. Plaintiffs purport to base this belief on the fact that GEICO General sells "a large amount of insurance policies in the State of Florida, that this issue has spanned the entire five-year statute of limitations period and continues presently[.]" *Id.*

19.     The number of members of the Proposed Class may not be ascertainable on the face of the Complaint. However, as set forth in the paragraphs below, thousands of claims arising under thousands of GEICO General auto policies with PIP coverage have been asserted during the Proposed Class Period that include PIP deductibles in the amounts of $250, $500, and $1,000 that appear on the face of the Declarations Pages as contemplated in the manner asserted in the Complaint.

20.     The Proposed Class therefore contains more than 100 members. Accordingly, this action is a "class action" under 28 U.S.C. §§ 1332(d)(1)(B), (d)(2) and (d)(5)(B).

*Diversity of Citizenship Exists*

21.     Diversity of citizenship exists under § 1332(d).  Under CAFA diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The courts often refer to this as "minimal diversity." *See Hill v. National Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 901-902, 2016 WL 158850, *2 (11th Cir. Jan. 14, 2016); *Day v. Sarasota Doctors Hospital, Inc.*, 2020 WL 5758003, at *4 (M.D. Fla. 2020) (finding minimal diversity was met in a case removed under CAFA) (internal citations omitted).

22.     For the purposes of 28 U.S.C. § 1332(d), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – or the corporation's "'nerve center.'"  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

23.     Plaintiffs allege that "Plaintiffs are individuals residing in Broward County, Florida." Ex. 1 at ¶ 2.  Plaintiffs further allege that GEICO General is a foreign entity.  *Id.* at ¶ at 3.  The Complaint therefore alleges facts on its face that establishes sufficient minimal diversity under CAFA.

24.     Plaintiffs also correctly allege that GEICO General is a foreign entity.  *See Id.* GEICO General is and was at the time of filing of the State Court Action a company organized under Nebraska law, with its principal place of business in Maryland.  *Friend*, 130 S.Ct. at 1192. GEICO General is therefore a citizen of Nebraska and Maryland. 28 U.S.C. § 1332(c)(1).  Because Plaintiffs are citizens of Florida, and GEICO General is a citizen of Nebraska and Maryland, diversity of citizenship exists under CAFA.  28 U.S.C. § 1332(d)(2)(A).

25.     Because Plaintiffs and GEICO General are citizens of different states, there is minimal diversity among the parties to this case as required under CAFA for original jurisdiction in this Court.  *See* 28 U.S.C. § 1332(d)(2)(A).

### *The Amount in Controversy Requirement is Satisfied.*

26.     A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs..." 28 U.S.C. § 1332(d)(2).

27. To determine whether the matter in controversy exceeds the $5,000,000 threshold, "the claims of individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(6)). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id*. (quoting 28 U.S.C. § 1332(d)(1)(D); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

28. Plaintiff's Complaint does not plead a specific amount in controversy, which is consistent with Florida practice. *See Ellison v. Coca-Cola Refreshments USA, Inc.*, No. 2:15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) (holding "[i]n this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint.); *Mangano v. Garden Fresh Rest. Corp.*, No. 2:15-cv-477, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015); *Hernandez v. Burlington Coat Factory of Florida*, LLC, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015).

29. When "the amount in controversy is not apparent on the face of the complaint, a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy'" *Dewitte v. Foremost Ins. Co.*, 171 F. Supp. 3d 1288, 1289 (M.D. Fla. 2016) (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir.2010)); *see also Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010).

30. The U.S. Supreme Court has held in these circumstances that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

31. "In other words, all that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart Cherokee*, 135 S.Ct. at 551, 554); *see also Ellison v. Coca-Cola Refreshments USA, Inc.*, Case No. 15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Schaefer v. Seattle Service Bureau, Inc*., Case No. 15-cv-444, 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

32. Moreover, the amount in controversy calculation for federal jurisdiction includes the value of Plaintiff's requested declaratory relief and reformation. To determine whether the matter in controversy exceeds the threshold for declaratory and injunctive relief, the Eleventh Circuit holds that "the value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff if the injunction were granted." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

33. Plaintiffs' Complaint seeks declaratory relief and reformation of insurance policies on behalf of themselves and the Proposed Class. The Proposed Class includes persons insured under a GEICO General policy "who have made one or more claims under said policy" and the

proposed class period spans "the entire five-year statute limitations period[.]" Ex. 1 at ¶ 32-33. In addition to seeking several declarations, Plaintiffs seek the relief of: "Reforming the policy held by Plaintiffs and the Class Member to reflect a zero deductible." *Id.* at p. 9 WHEREFORE CLAUSE, at (C)(5).

34. Accordingly, based upon the Proposed Class as defined by Plaintiffs and the relief requested, the amount-in-controversy can be calculated by reviewing GEICO General claims within the five-year period preceding the filing of this action where a claim was made and a PIP deductible was applied prior to affording PIP benefits. Such amounts are not speculative as the loss event has occurred, the claim has been asserted, and the full deductible has been deemed satisfied to trigger PIP coverage. For purposes of removal, GEICO General has limited its review to only claims where the full amount of deductible has been applied and where benefits have not exhausted. Thus, for each such claim of a Proposed Class Member, the value of the relief sought is the value of the amount of expense (e.g., medical charges) incurred and retained by the Proposed Class Member per the stated deductible on the policy, which this action seeks to have reformed to zero, thereby transferring the payment obligation to GEICO General.

35. Using the above parameters, GEICO General has identified thousands of claims arising from policies where the full PIP deductible of either $250, $500, or $1,000 was applied and the policy benefits have not been exhausted that, if Plaintiffs' requested relief is granted, would transfer the obligation to pay from the Proposed Class Member to GEICO General in amounts of at least $10,000,000. Accordingly, the amount put in controversy by these purported individual and class claims, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

36.     The Court may rely on this amount in controversy despite the fact that Plaintiffs have attempted to label Count I as a claim for declaratory relief only. As the Honorable Virginia M. Hernandez Covington of the Middle District of Florida held in an order on a CAFA removal in a proposed class action:

> [Plaintiff] seeks a declaration that she is entitled to retroactive bodily injury coverage because she hopes to force GEICO to pay for the claim that was made against her. That [Plaintiff] would need to take an extra step – i.e. file another lawsuit using the declaration – to eventually be reimbursed by GEICO does not prevent the Court from including the amount she ultimately seeks to recover when calculating the amount in controversy.

*McLawhorn v. GEICO Indemnity Co.*, Case No. 17-cv-00156, Docket No. 35 (April 6, 2017) (quoting *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316-17 (11th Cir. 2014) (holding that "[a]lthough the putative class members might have to take an extra step or two after obtaining declaratory relief to get money from Allstate, that does not mean that determining the amount in controversy exceeds $5 million is too speculative a task.")).

37.     The amount in controversy set forth above is not speculative despite the fact that Plaintiffs label Count I as a count for declaratory relief. This is particularly true in these circumstances where Plaintiffs specifically seek to reform the applicable policies in connection with existing claims arising under the policies.

38.     Plaintiff also seeks attorneys' fees under to Fla. Stat. Section 627.428 and Section 627.736(8), which may be included in calculating the amount in controversy. Ex. 1, p. 9 WHEREFORE Clause, at (C)(6), ¶ 47. A "reasonable amount" of attorneys' fees authorized by statute may therefore be "included in the amount in controversy." *Morrison,* 228 F. 3d at 1265 (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15-cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in

determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.*, No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

39. GEICO General believes that the relief sought in the State Court Action is not proper for class certification. However, GEICO General provides the above calculation of the amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

40. Based upon the above, it is clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

**The CAFA Exceptions Do Not Apply**

41. The mandatory and discretionary exceptions to removal under 28 U.S.C. § 1332(d) do not apply in this case.

42. <u>The "Local Controversy" Exception Does Not Apply</u>. Even though many putative class members may be citizens of Florida, CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply. This exception applies only if, among other factors:

> at least 1 defendant is a defendant - - (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in     which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i)(II). As noted above, GEICO General is a citizen of Nebraska and Maryland - not Florida, "the State in which [this] action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

43. <u>The "Home State Controversy" Exception Does Not Apply</u>.  Even though many putative class members may be citizens of Florida, CAFA's "home state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply.  CAFA's "home state controversy" exception requires a court to decline CAFA jurisdiction if "two thirds or more of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  As established above, GEICO General is a citizen of Nebraska and Maryland, not Florida, "the State in which [this] action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  Accordingly, this exception cannot apply.

44. <u>The Discretionary Exception Does Not Apply</u>.  The discretionary exception to CAFA jurisdiction is also inapplicable in this case. 28 U.S.C. § 1332(d)(3)(A)-(F).  Under CAFA, a court may, at its discretion, decline to exercise CAFA jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id.*  Because GEICO General is a citizen of Nebraska and Maryland - not Florida - this exception cannot apply.

## **PROCEDURAL STATEMENT**

45. <u>Process and Pleadings.</u>  As set forth above, copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as **Composite Exhibit 1** pursuant to 28 U.S.C. § 1446(a).

46. <u>Removal is Timely.</u>  A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).  The State Court Action was served on GEICO General on March 31, 2023.  This Notice of Removal is therefore timely filed. 28 U.S.C. § 1446(b).

47. <u>Removal to Proper Court.</u>  This Court is the "district court for the United States for the district and division within which" the State Court Action is pending.  28 U.S.C. § 1446(a).  GEICO General's Notice of Removal has therefore been filed in the proper court.

48. <u>Notice to State Court.</u>  A copy of GEICO General's Notice of Removal is being filed with the Clerk of the Court of the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, and written notice is being served on Plaintiffs as required by 28 U.S.C. § 1446(d).

49. GEICO General reserves the right to amend or supplement this Notice of Removal.  GEICO General further reserves all defenses and objections to Plaintiffs' claims.  GEICO General will respond to Plaintiffs' Complaint or present other defenses or objections as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a), 81(c).

WHEREFORE, GEICO General removes this action from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

**RIVKIN RADLER, LLP**

*/s/ John P. Marino*
John P. Marino (FBN: 814539)
Edward K. Cottrell (FBN: 13579)
Kristen L. Wenger (FBN: 92136)
Drew Krieger (FBN: 117800)
1301 Riverplace Boulevard, Suite 1000
Jacksonville, Florida 32207
Telephone: (904) 792-8926
Facsimile: (904) 467-3461
John.marino@rivkin.com
Edward.Cottrell@rivkin.com
Kristen.wenger@rivkin.com
Drew.krieger@rivkin.com

*Counsel for Defendant GEICO General Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

/s/ John P. Marino
Attorney