**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No.: 23-cv-60802- SMITH / REID

SENTIA DUCTAN and MARSHA PRINCE,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

_____/

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S
REPLY AND MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT</u>**

Defendant, GEICO General Insurance Company ("GEICO") submits this reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint (the "Opposition") (Dkt. 11), and in further support of GEICO's Motion and Supporting Memorandum to Dismiss the Class Action Complaint (the "Motion to Dismiss") (Dkt. 7). The grounds and authority for this reply are set forth in the following memorandum, which is incorporated as part of this reply.

**MEMORANDUM**

GEICO respectfully submits the following memorandum in further support of this reply and GEICO's Motion to Dismiss (Dkt. 7).

**SUMMARY**

Plaintiffs' Opposition wholly misses the mark with regard to GEICO's argument that the PIP deductible notice requirement under Section 627.739(5) does not expressly nor impliedly provide a private right of action or remedy for an alleged violation.[1] The Florida Supreme Court's decision in *QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass'n, Inc.*, 94 So. 3d 541

---

[1] Plaintiffs make several references to Section 627.729, Fla. Stat., in their Opposition to GEICO's Motion to Dismiss Plaintiffs' Class Action Complaint. *See* (Dkt. 11 at pp. 3–6). Section 627.729 has been repealed since 1981 and is not relevant to any issue in this action. GEICO therefore construes Plaintiffs' several references to this statute as typographical errors.

(Fla. 2012) ("*Chalfonte*"), and its extensive and growing progeny, are directly on point with this matter. *Chalfonte* warrants the inevitable outcome that Plaintiffs' single proposed class claim for declaratory relief, which is <u>entirely</u> predicated upon GEICO's alleged violation of the PIP deductible notice requirement in Section 627.739(5), should be dismissed for failure to state a claim upon which relief may be granted under governing Florida law.

Plaintiffs' Opposition makes the misguided assertions that GEICO's Motion to Dismiss should be denied because:

(i) GEICO failed to address at the outset whether it utilizes a PIP deductible election form at all during the application and renewal of insurance policies, as Plaintiffs contend is required under Section 627.739(5);

(ii) *Chalfonte* is distinguishable and does not apply to this matter because the plaintiff in *Chalfonte* had challenged the insurer's violation of the text size requirement in the deductible notice statute, and the statutory intent of such statute was to encourage higher hurricane deductibles. In contrast, Plaintiffs in this case are challenging the existence of a PIP deductible election form, and not a text size requirement, and the statutory intent of Section 627.739(5) is to discourage higher PIP deductibles;

(iii) A "surfeit" of precedent supports that Section 627.739(5) provides a private right of action, including *Progressive Select Insurance Company v. Florida Hospital Medical Center*, 260 So. 3d 219 (Fla. 2018) ("*Florida Hospital Medical*") and *GEICO General Insurance Company v. Virtual Imaging Services, Inc.*, 141 So. 3d 147 (Fla. 2013) ("*Virtual Imaging Services*"); and

(iv) The Office of Insurance Regulation ("OIR") does not have exclusive authority or primary jurisdiction to enforce a violation of the PIP deductible notice requirement in Section 627.739(5) because the statute expressly permits the insurer the option to provide notice through an OIR-approved form "or" by using the language set forth in the statute.

As more fully set forth below, <u>all</u> of Plaintiffs' contentions are unavailing.

First, Plaintiffs' assertion that GEICO has not addressed whether it in fact used a PIP deductible notice form at the applications and renewals of the subject policies is entirely immaterial. The PIP deductible notice provision in Section 627.739(5) does not permit a private

right of action nor remedy for any alleged violation *to begin with*, and therefore whether GEICO used or did not use a PIP deductible notice form has no bearing on this point.

Second, Plaintiffs' attempts to distinguish *Chalfonte* from this case are without merit. The crux of *Chalfonte* is that where a statute within the Insurance Code does not expressly (from the specific statutory language), nor impliedly (from the specific legislative intent and history of that statute) provide a private right of action or remedy, an insured is precluded from pursuing a claim or remedy against an insurer for an alleged violation of that statute. The specific way in which the insurer allegedly violated the statute had no impact on *Chalfonte's* holding—a claim arising out of *any* violation of a statute that does not expressly nor impliedly permit a private right of action is barred. Hence, Plaintiffs' distinction of *Chalfonte* from this action based on the different *ways* the insurers had allegedly violated the subject insurance statutes is wholly insignificant.

Likewise, Plaintiffs' attempt to distinguish *Chalfonte* from this action based on the differences in the legislative intents of the insurance statutes is equally insignificant. Regardless of whether the statutes intended to discourage or encourage deductibles is immaterial. The legislative history and intent of the insurance deductible notice statute in *Chalfonte*, and the PIP deductible notice provision under Section 627.739(5) in this action, are *both* silent on whether the legislature intended for an insured to pursue a private right of action or remedy for an alleged violation. As such, pursuant to *Chalfonte*, neither a private right of action nor remedy may be judicially implied from the PIP deductible notice requirement under Section 627.739(5).

Third, despite Plaintiffs' contention that there is a "surfeit" of precedent ultimately supporting that Plaintiffs may pursue its declaratory relief claim based on GEICO's alleged violation of the PIP deductible notice requirement under Section 627.739(5), Plaintiffs fail to cite to a single case specifically addressing and supporting Plaintiffs' position with regard to this statute. Neither *Florida Hospital Medical* nor *Virtual Imaging Services* support that Plaintiffs may pursue its proposed class claim for declaratory relief based on GEICO's alleged violation of the PIP deductible notice requirement under Section 627.739(5). *Florida Hospital Medical* concerned the insurer's alleged *miscalculation* of the payment of PIP benefits ultimately owed in applying a PIP deductible, not the alleged failure to provide statutory notice of an offer to elect PIP deductibles at the application or renewal of a policy under Section 627.739(5). Similarly, *Virtual Imaging Services* did not concern Section 627.739 at all, much less any violation of the statute.

Finally, Plaintiffs provide no legal basis or support for contending that the OIR does not have exclusive authority and primary jurisdiction to enforce an alleged violation of the PIP deductible notice requirement under Section 627.739(5).

Accordingly, Plaintiffs' sole proposed class claim for declaratory relief should be dismissed for failure to state a claim pursuant to the Florida Supreme Court's decision in *Chalfonte*, and its extensive and growing progeny. The OIR further has exclusive authority and primary jurisdiction to ensure and enforce insurers', like GEICO's, compliance with the PIP deductible notice requirement under Section 627.739(5). Plaintiffs do not.

## ARGUMENT

**I.  Whether GEICO utilized a PIP deductible election form for applications and renewals of Plaintiffs' policies is wholly immaterial because Section 627.739(5) does not expressly nor impliedly provide <u>*any*</u> private right of action or remedy.**

Plaintiffs erroneously contend that before the Court may address Plaintiffs' ability to challenge GEICO's use of a PIP deductible election form, GEICO must first demonstrate that it utilized such a form under Section 627.739(5). (Dkt. 11 at p. 3). Plaintiffs entirely miss the point of GEICO's argument. GEICO's position is that Florida law unambiguously and wholly precludes Plaintiffs <u>*at the outset*</u> from bringing their declaratory relief claim against GEICO because their claim is entirely and solely predicated upon GEICO's alleged violation of the PIP deductible notice requirement under Section 627.739(5), a statutory requirement that does not provide a private right of action or remedy for an alleged violation. *See* (Dkt. 7 at pp. 4–13). Hence, whether GEICO used or did not use a PIP deductible election form is wholly immaterial.[2]

Plaintiffs contend that GEICO has placed the "proverbial cart before the horse" by it requesting that the Court rule that Florida law precludes Plaintiffs from bringing any private right of action or remedy against GEICO for an alleged violation of the PIP deductible notice requirement under Section 627.739, before first addressing whether GEICO provided a PIP deductible election form. Ironically, however, it is Plaintiffs that are putting the cart before the

---

[2] GEICO further disputes Plaintiffs' apparent interpretation of Section 627.739(5) as requiring GEICO to provide its notice of an offer to elect certain PIP deductibles in an actual, written form as the only means to comply with the notice requirement. Nevertheless, even GEICO's own dispute with Plaintiffs regarding the correct interpretation of an insurer's compliance with the PIP deductible notice requirement under Section 627.739(5) is immaterial, because Florida law precludes Plaintiffs from pursuing a private right of action or remedy against GEICO for any alleged noncompliance with this specific notice requirement.

horse by insisting that this issue be resolved first and before addressing, at the outset, whether that issue even matters. Indeed, even assuming, *arguendo*, that GEICO ultimately did not comply with the notice requirement under Section 627.739(5) – which GEICO disputes – such a finding would have *no impact whatsoever* in this matter because Plaintiffs have no private right of action nor remedy against GEICO for a violation of this specific statutory requirement pursuant to *Chalfonte* and its progeny. Plaintiffs' insistence that the Court must first determine whether GEICO had actually utilized a PIP deductible election form is therefore entirely unwarranted.

**II.     Plaintiffs' distinctions of *Chalfonte* with this action miss the point—*Chalfonte* directly governs Plaintiffs' declaratory relief claim and warrants a dismissal because Section 627.739(5) does not expressly nor impliedly permit a provide right or action or remedy for an alleged violation of the deductible notice requirement.**

Plaintiffs contend that *Chalfonte* is distinguishable from, and thus inapplicable to, this action based on two distinctions: (i) the plaintiff in *Chalfonte* had challenged the insurer's violation of the text size requirement in the hurricane deductible notice statute, Section 627.701(4)(a), while Plaintiffs in this action are challenging the existence of a PIP deductible election form under Section 627.739(5); and (ii) the statutory intent of the hurricane deductible notice statute in *Chalfonte* was to encourage higher deductibles, while the statutory intent of the PIP deductible notice statute in this matter was to discourage higher deductibles. Plaintiffs' points are trivial and mere distinctions without a difference.

The pertinent holding in *Chalfonte* is the affirmation of a longstanding principle under Florida law that the determination of whether a specific statute provides any private right of action or remedy is based on the "plain language" of the statute, or whether a right of action or remedy may otherwise be "judicially implied" through the specific legislative intent and history of the particular statute. *QBE Insurance Corp.*, 94 So. 3d at 550–52. Indeed, by asserting such trivial distinctions, Plaintiffs apparently chose to ignore the long and growing line of cases in Florida state courts and federal courts in Florida – including this Court – that have upheld, and continue to uphold, *Chalfonte* by dismissing claims made against insurers predicated upon alleged violations of *various* insurance statutes within the Insurance Code that do not provide a private right of action nor remedy from an alleged violation. *See* (Dkt. No. 7 at pp. 9–12) (string citing and addressing numerous cases in Florida state and federal courts that have dismissed various claims made against insurers arising from various sections within the Insurance Code in finding that no private right of action or remedy exists pursuant to *Chalfonte*).

*Chalfonte* directly governs this action, as both cases share substantial and material similarities. *Chalfonte* concerned an insured's claims brought against an insurer arising from the insurer's alleged violation of a specific font-size requirement under a hurricane deductible notice statute, section 627.701(4)(a). Similarly, this matter concerns Plaintiffs' declaratory relief claim arising entirely from GEICO's alleged violation of requirements under a PIP deductible notice provision in Section 627.739(5). Indeed, Plaintiffs do not dispute that their sole claim for declaratory relief is entirely predicated upon GEICO's alleged violation of the PIP deductible notice requirement under Section 627.739(5). *See generally* (Dkt. 11).

Further, both insurance deductible notice statutes in *Chalfonte* and in this matter do not expressly (through their statutory language) nor impliedly (through the statutes' legislative histories or intent), provide any private right of action or remedy to an insured for alleged violations of the notice requirements within those statutes. The Florida Supreme Court in *Chalfonte* therefore found that the insured could not bring a claim against the insurer for an alleged violation of the hurricane deductible notice statute. *Chalfonte* thus warrants a dismissal of Plaintiffs' claim for declaratory relief in this matter under the same grounds.

**III.   Plaintiffs' reliance on *Florida Hospital Medical* and *Virtual Imaging Services* for support that Section 627.739(5) provides a private right of action is misguided—neither case supports that Plaintiffs may pursue a claim against GEICO based solely and entirely on an alleged violation of the PIP deductible notice requirement under Section 627.739(5).**

Plaintiffs assert that there is a "surfeit" of precedent where courts have permitted private rights of action for disputes involving PIP policies, and that this ultimately supports that Plaintiffs may pursue their declaratory relief claim against GEICO for an alleged violation of the PIP deductible notice requirement under Section 627.739(5). *See* (Dkt.11 at p. 5). Despite this assertion, however, Plaintiffs have cited to only two cases, *Florida Hospital Medical* and *Virtual Imaging Services*, both of which are inapplicable to this action. Neither of these cases support, much less address, that private rights of action may be pursued against an insurer for an alleged violation of the PIP deductible notice requirement under Section 627.739(5), or under any insurance statute that does not expressly nor impliedly permit claims by private litigants. Plaintiffs' reasoning is further inconsistent with *Chalfonte* and governing Florida law.

The certified question that the Florida Supreme Court addressed in *Florida Hospital Medical* was whether an insurer was required to subtract a PIP deductible from the total amount

of medical charges before applying the reimbursement limitation under Section 627.736(5)(a)1.b., or whether the insurer must apply the reimbursement limitation first before subtracting the deductible. 260 So. 3d at 220–21.  Hence, *Florida Hospital Medical* concerned the insurer's application of a PIP deductible in the overall *calculation* of payments of PIP benefits ultimately owed, <u>not</u> the alleged failure to comply with the deductible notice requirement under Section 627.739(5). *Florida Hospital Medical* is therefore distinguishable from this action in all material aspects.

Plaintiffs' second and last cited case, *Virtual Imaging Services*, is even further removed from this action. The issue presented in that case was whether an insurer may limit reimbursements based on the Medicare fee schedules under Section 627.736(5)(a) without providing notice in the policy of an election to use such fee schedules for calculating reimbursements.  141 So. 3d at 148–150.  Hence, the case did not involve Section 627.739 at all, much less a violation of any provision within the statute and is therefore wholly inapplicable to this action.

Moreover, Plaintiffs' contention that the Court should permit Plaintiffs to maintain their declaratory relief claim because there are a multitude of cases permitting insureds to pursue actions against insurers under PIP policies *generally* is entirely inconsistent with *Chalfonte* and governing Florida law on determining whether a specific statutory provision or requirement affords litigants a private right of action or remedy.  *See* (Dkt. 11 at p. 5).  Plaintiffs' contention is akin to asserting that the Florida Supreme Court in *Chalfonte* should have never ruled that the insured cannot bring claims arising out of the insurer's alleged violation of the hurricane deductible notice statute – a statute that provided no private right of action nor remedy – simply because there are numerous cases permitting insureds to pursue actions against insurers under hurricane policies generally. Simply put, the fact that various claims may be brought arising from different types of insurance policies does not then mean Plaintiffs may bring a private right of action specifically predicated upon an alleged violation of Section 627.739(5), a PIP deductible notice requirement that neither expressly nor impliedly permits private claims.  Indeed, by Plaintiffs' reasoning, Plaintiffs would have the Court ignore entirely the very statutory provision upon which Plaintiffs bring their claim.

*Chalfonte* set forth and affirmed the longstanding standard for determining whether a statute expressly or impliedly provides a private right of action or remedy, *i.e.*, through the statutory language or the specific legislative history and intent of the statute.  94 So. 3d at 550–52.

7

Plaintiffs continue to ignore this principle and instead asks the Court to apply an illogical reasoning not supported by Florida law.

**IV. Plaintiffs' contention that the OIR does not have exclusive authority and primary jurisdiction to enforce a violation of the PIP deductible notice requirement under Section 627.739(5), simply because the statute allows the insurer the option to provide notice through OIR-approved forms "or" through the language set forth in the statute, is wholly unsupported.**

Plaintiffs provide no legal basis or support for contending that the OIR does not have exclusive authority and primary jurisdiction to enforce an alleged violation of the PIP deductible notice requirement under Section 627.739(5). Instead, Plaintiffs place a great deal of emphasis on the term "or" in the statutory provision, contending that because Section 627.739(5) allows the insurer the option to provide notice of a PIP deductible election through forms approved by the OIR "or" through the language set forth in the statute, the OIR is not the sole source of authority over the PIP deductible notice requirement. *See* (Dkt. 11 at p. 5).

Significantly, Plaintiffs ignore the precedent of cases in which courts have acknowledged that the "Office . . . enjoys *exclusive authority* to protect the public by enforcing sections of the insurance code for which the legislature provides *no private remedy*," and thereby precluded claims arising from alleged violation of those sections of the code that do not permit a private right of action or remedy and finding that the OIR had primary jurisdiction or authority to enforce such sections. *Lemy v. Direct Gen. Finance Co.*, 885 F. Supp. 2d 1265, 1273 (M.D. Fla. 2012) (emphasis added); *Quilty v. Envision Healthcare Corp.*, No. 8:18–cv–341–T–33CPT, 2018 WL 2445824 at *5–8 (M.D. Fla. May 31, 2018) (precluding claims for alleged violations of the insurance balance-billing statutes in the Insurance Code that did not provide a private right of action or remedy in finding that the OIR has authority to regulate and enforce such provisions).

Plaintiffs' contention that the OIR does not have exclusive authority or primary jurisdiction to enforce GEICO's alleged violation of the PIP deductible notice requirement under Section 627.739(5) is therefore wholly unsupported by, and otherwise inconsistent with, Florida law.

## CONCLUSION

For all of the aforementioned reasons in this Reply, and the arguments and grounds set forth in Defendant's Motion and Supporting Memorandum to Dismiss the Class Action Complaint (Dkt. 7), Defendant, GEICO General Insurance Company, respectfully requests that Plaintiffs' Class Action Complaint be dismissed.

Respectfully submitted,

**RIVKIN RADLER, LLP**

*/s/ Kristen L. Wenger*
John P. Marino (FBN: 814539)
Kristen L. Wenger (FBN: 92136)
Rivkin Radler, LLP
1301 Riverplace Boulevard, Suite 1000
Jacksonville, Florida 32207
Telephone: (904) 792-8926
Facsimile: (904) 467-3461
John.marino@rivkin.com
Kristen.wenger@rivkin.com

*Counsel for Defendant, GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

*/s/ Kristen L. Wenger*
Attorney

9